Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

ORIGINAL FILED
SEP 27 2013
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON,<br>            Plaintiff,<br>vs.<br>CAMPBELL PLAZA DEVELOPMENT CO., a California partnership, d/b/a CAMPBELL PLAZA SHOPPING CENTER; and DOES 1-10 inclusive,<br>            Defendants. | Case No.: CV 13-04471 HRL<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

ADR
E-filing

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 17

*DEMAND FOR JURY TRIAL*

Plaintiff RICHARD JOHNSON complains of Defendants CAMPBELL PLAZA DEVELOPMENT CO., a California partnership, d/b/a CAMPBELL PLAZA SHOPPING CENTER; and DOES 1-10, inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible public facilities, including parking facilities, exterior paths of travel and sidewalk paths of travel of Campbell Plaza Shopping Center, located at 2455 Winchester Boulevard, Campbell, California. Plaintiff RICHARD JOHNSON is a "person with a disability" or "physically handicapped person," due to paraplegia. Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair. Plaintiff was denied his rights to full and equal access at these facilities, and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use these facilities will be provided accessible facilities. Plaintiff also seeks recovery of damages for his physical, mental and emotional injuries, and his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of defendants' failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §§ *12101 et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 2 of 17

3. **VENUE**: Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

4. **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

5. **PARTIES**: Plaintiff RICHARD JOHNSON is and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff is a paraplegic due to a severe spinal cord injury suffered in a motorcycle accident a few years ago. Plaintiff is unable to independently stand or walk, and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California.

Defendants CAMPBELL PLAZA DEVELOPMENT CO., a California partnership, d/b/a CAMPBELL PLAZA SHOPPING CENTER; and DOES 1-10, inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings, parking lots, and/or portions thereof located at 2455 Winchester Boulevard, Campbell, California, including but not limited to the walkways and parking places serving this shopping center. All businesses, walkways and adjacent parking facilities are each a "public accommodation and business establishment" subject to the requirements of multiple categories of § 301(7) of the Americans with Disabilities Act of 1990, of California Health & Safety Code §§ 19953 *et seq.*, and of California Civil Code §§51 et *seq.* and 54 *et seq.* On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 3 of 17

Health & Safety Code §§ 19955-19959 *et seq.*, and, as to alterations since January 26, 1993, to the disabled access requirements of § 303 of the Americans with Disabilities Act of 1990. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990, as defined by ADA § 301(9).

6. The true names and capacities of Defendants DOES 1 through 10, Inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants CAMPBELL PLAZA DEVELOPMENT CO., a California partnership, d/b/a CAMPBELL PLAZA SHOPPING CENTER; and DOES 1-10, inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**

**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

herein by reference as if separately repled hereafter.

9. Plaintiff RICHARD JOHNSON and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 et seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 et seq.

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject facilities. Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each construction and alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such new construction or "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out construction, alterations, structural repairs, or additions to such buildings, walkways, parking areas, and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the facilities, also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 et seq.

11. **FACTUAL STATEMENT:** At all times mentioned herein, Plaintiff RICHARD JOHNSON has been a qualified disabled person due to paraplegia. His disabilities require

him to use a wheelchair for mobility. Plaintiff likes Little Lou's BBQ (the 'Restaurant') located at the Campbell Plaza Shopping Center and visits it very often. However, each visit has been a dangerous endeavor and he has to overcome many obstacles. On or about September 5, 2013 he arrived to the Campbell Plaza Shopping Center to have dinner at his favorite BBQ place. At first he could not locate a van accessible parking place. There are 19 ADA parking places and, unfortunately, only 2 of them are van accessible. Finally, he spotted a van accessible parking place and parked his vehicle. He transferred himself from his car into a wheelchair and began travelling towards Little Lou's BBQ. The ADA parking appeared to be sloping since he had some difficulty pushing himself along, not to mention an incorrect bad stripping. In order to reach the building where the restaurant was located, Plaintiff crossed the street with cars running back and forth. With some difficulty, and out of necessity due to the configuration of the parking lot, Plaintiff traversed non-compliant ramps and path of travel from the parking lot to the public walkway to reach his point of destination. The path had vertical changes that caused Plaintiff discomfort. There was no clear path of travel from the van accessible parking spot to the Restaurant. In addition, when Plaintiff attempted to reach the Safeway store, he found it impossible to cross over the banks drive through due to an illegal ramp. He was also not able to travel from the Safeway parking lot to the other building due to a complete lack of curb ramp to cross that sidewalk. When Plaintiff attempted to cross the drive through, he became afraid that he either would collide with a moving car or would tip over his wheelchair while attempting to cross the steep ramps. Disappointed, Plaintiff dismissed the idea of shopping at Safeway because it was too time consuming to get in and out of his van. On other occasions, Plaintiff was forced to travel back to his van, and drive to the opposite end of the shopping center to do some shopping. During all his visits Plaintiff felt extremely uncomfortable when he was visiting other business located at the Campbell Plaza Shopping Center, because some of these businesses did not provide a 10 inch kick plate. Each time when Plaintiff opened the doors he worried that his wheelchair would break the glass part of the door and broken pieces of glass would injure him. It is so frustrating for Plaintiff to navigate the Campbell Plaza Shopping Center. He likes Little Lou's BBQ and he would like to not only dine at the Restaurant, but

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 6 of 17

also be able to shop at and patronize other businesses. Plaintiff feels frustrated, humiliated and plainly excluded because he does not have an equal opportunity to shop like everyone else.

12. Further, on information and belief, and based on preliminary investigation by Plaintiff's representatives, the physical property owned and operated by Defendants and each of them, were constructed and maintained in an inaccessible condition for use by physically disabled persons with regard to a number of features which may adversely affect Plaintiff as a mobility disabled person each time he may attempt to return to the subject facilities all rendering these premises inaccessible to and unusable by physically disabled person. The premises were also illegally inaccessible in multiple other respects. Such architectural barriers include, but not limited to:

- There are 19 ADA parking in the center, yet only two van accessible provided;
- Most 16 parking have incorrect signage;
- There is no clear path of travel from existing van parking to stores throughout the center;
- There are no directional signage on the exterior path of travel;
- Path of travel from Bank of the West to Dollar Store is steep;
- No path of travel due to unsafe ramping crossing Bank of the West drive through Safeway;
- Different parking stalls appear to slope;
- No path of travel from Safeway ADA parking to Safeway entrance;
- No truncated domes on most curb cuts;
- Most Curb Cuts (new ones) do not differ in colors than sidewalk;
- Tow away signs on drive way are not correct design;
- No path of travel connecting buildings on the same site (from Bottle Shop to Safeway);
- No path of travel from public right of way;
- Vertical changes in path appear at different locations;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 7 of 17

- Most entry doors to shops have less than 10" kick plate.

13. These barriers to access are listed without prejudice to plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven. Inc.* 524 F.3d 1034 (9th Cir. 2008). All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

14. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 8 of 17

as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve full and equal access to and use of these public facilities, and cannot return to use these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all areas of the premises that he personally encountered. Further, as to all areas identified before or during this litigation by Plaintiff's access consultant, that Plaintiff or other physically disabled persons may encounter in the future (under the 9th Circuit's holding in *Doran v. 7-Eleven. Inc.* 524 F.3d 1034 (9th Cir. 2008)), Plaintiff prays leave to amend this complaint to obtain injunctive relief. As to those of the defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

17. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to Plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code § 19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

18. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing,

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

constructing, altering, and maintaining the subject facilities, Plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, and suffered physical, mental and emotional personal injuries, all to his damages per Civil Code § 54.3, including general and statutory damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

19. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon Plaintiff and upon other physically disabled persons, but defendants have refused to rectify the violations, and presently continue a course of conduct in maintaining architectural barriers that discriminate against Plaintiff and similarly situated disabled persons.

**20. FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953. Additionally, Plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

# SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 20 of this Complaint and incorporates them herein.

22. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Cal. Civ. C. § 51(b).

23. California Civil Code § 52 provides that the discrimination by defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

24. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 11 of 17

the rights provided in Section 51, 51.5, or 51.6.

25. Any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

26. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of defendants' action and omissions, defendants have discriminated against Plaintiff in violation of Civil Code §§ 51 and 52.

27. **FEES AND COSTS:** As a result of defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiffs rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, Plaintiff prays the Court grant relief as requested hereinbelow.

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 12 of 17

# THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §§ 12101 *et seq.*

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them herein as if separately repled.

29. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." [42 USC §12101]

30. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on benalf of individuals with disabilities; and

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of *discrimination faced day-to-day* by people with disabilities. (Emphasis added)

42 USC § 12101(b).

31. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes, per § 301(7)(E), "a..., shopping center, or other sales or rental establishment"; and, per § 301(7)(F), "a... bank... professional office of a health care provider...., or other service establishment."

32. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination included, but were not limited to the following:

*§ 302(b)(1)(A)(ii)*: "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

*§ 302(b)(2)(A)(ii)*: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 14 of 17

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

33. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of §§ 301(9) and 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, construction, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA.

34. On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

35. On information and belief, defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is "a qualified" disabled person who is being subjected to discrimination on the basis of disability in violation of the ADA and has reasonable grounds for believing that he is about to be subjected to discrimination should he return to the subject premises. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property and premises and related facilities to provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA § 308(a) and state law directing defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law.

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Dated: 09-26-13

Irene Karbelashvili, Attorney for
Plaintiff RICHARD JOHNSON

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 09-26-13

Irene Karbelashvili, Attorney for
Plaintiff RICHARD JOHNSON

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 17 of 17